UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| STACY MARIE MORRISON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 12-98-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Stacy Marie Morrison ("Morrison" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [Record Nos. 9, 10] Morrison argues that the Administrative Law Judge ("ALJ") erred in finding that she is not entitled to a period of disability and disability insurance benefits. Conversely, the Commissioner contends that the record contains substantial evidence in support of the decision denying benefits to Burton and that the decision should be affirmed. Having reviewed the record, the Court will grant the Commissioner's motion and deny the relief requested by Morrison.

**I.**

Morrison filed an application for a period of disability and disability insurance benefits on March 13, 2009, alleging disability beginning September 21, 2006. [Tr., p. 17] Her application was denied initially and upon reconsideration. [*Id.*] Represented by attorney Glenn

Hammond, Morrison appeared and testified at the administrative hearing held on February 3, 2011, in Prestonburg, Kentucky. [*Id.*] Impartial vocational expert Donald Joe Woolwine also testified at the hearing. [*Id.*]

ALJ Charlie Paul Andrus issued a decision unfavorable to Morrison on March 31, 2011. Morrison was thirty-five years old at the time of the ALJ's decision. She completed two years of college and had approximately nine years of work experience as a store manager. [Tr., p. 205] After reviewing the record and the testimony submitted during the administrative hearing, ALJ Andrus determined that Morrison suffered from severe impairments of degenerative joint disease of the spine, depression, and anxiety. [Tr., p. 19] Notwithstanding these impairments, the ALJ found that Morrison has the residual functional capacity ("RFC") to perform light work, subject to certain limitations. [Tr., p. 22] Specifically, he found that Morrison should

> only occasionally climb[] stairs/ramps; never climb[] ladders/ropes/scaffolds; no overhead reaching; and only moderate exposure to vibration. Mentally she is limited to more simple work without significant public contact.

[*Id.*]

Based on the testimony of the vocational expert, the ALJ found that Morrison could not perform past relevant work. However, he concluded that Morrison could perform other jobs such as a sorter, product tester, or package machine tender. [Tr., pp. 25-26] After determining that Morrison could perform other work existing in significant numbers in the national economy, the ALJ concluded that she was not disabled. Morrison was denied a period of disability and disability insurance benefits.

**II.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work. If he can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d

1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive as long as they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Morrison argues that the ALJ's conclusion is not supported by substantial evidence. As an initial matter, the Commissioner responds that Morrison's "claims must fail because she presents no real argument on these issues and cites no record evidence in support of her claims." [Record No. 10, p. 4] He further asserts that, even if Morrison's claims are not deemed waived, they are without merit.

### A. Treating Physician Rule

The Court finds that Morrison's argument that the ALJ improperly applied the treating physician rule to be without merit.[1] Treating physician Dr. Thomas A. Smith opined that Morrison has significant limitations in lifting, carrying, standing, sitting, and walking, and had limitations in the use of her left arm and hand for overhead reaching and push pull movements. [Tr., pp. 756-58] The ALJ was mindful of the functional limitations assessed by treating physician Dr. Smith. However, he ultimately rejected Dr. Smith's opinion because "there is no basis cited for such an extreme residual functional capacity." [Tr., p. 24] The ALJ found that

---

[1] Morrison does not allege any specific error with the ALJ's decision, except that it has denied her benefits. The Commissioner argues that all of Morrison's arguments are waived due to this failure. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (Citations and quotation marks omitted.)). Despite that many of her arguments are likely waived, the Court has reviewed the Commissioner's decision, and finds that it is supported by substantial evidence as explained more fully herein.

the limits were "not supported by the physical therapy notes," nor were they served by Morrison's own testimony. [Id.]

Generally, a treating source's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). If the treating source's opinion is not entitled to controlling weight, this does not necessarily mean that the opinion should be completely rejected. Rather, the ALJ must determine what weight to give to medical opinion by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ must always give "good reasons" for accepting or rejecting a medical opinion. 20 C.F.R. § 404.1527(c)(2).

In the present case, the ALJ properly considered the opinions of Dr. Smith and adequately stated his reasons for ultimately rejecting his limitations. For example, although Dr. Smith opined that Morrison could not sit for more than 30 minutes at a time, Morrison herself testified that she could ride in a car for "anywhere from an hour or two" before she would need to stop. [Tr., p. 24]. In addition, the ALJ considered Dr. Smith's treatment notes, which began in March 2009, and noted that they were all "basically the same," citing the same problems during every

monthly visit. [*Id.*] Thus, the ALJ considered the length of the treatment relationship and the nature and extent of the treatment relationship in weighing Dr. Smith's opinion. 20 C.F.R. 404.§ 1527(1), (2). Nor did the ALJ find Dr. Smith's opinions consistent with the other objective medical evidence of record. The ALJ considered the opinion of Dr. Anup S. Chattha, an orthopedist, who noted in April 2010 that Morrison was making good progress with physical therapy and could lift to 90 degrees without much difficulty, that Morrison had good stability, and had good elbow and wrist motion. [Tr., pp. 24, 603] Because the ALJ explained the weight given to Dr. Smith's opinion and appropriately applied the factors under the regulations, the Court finds that the ALJ did not violate the treating physician rule.

### B. Subjective Complaints of Pain

Morrison also argues that "[i]n regards to [her] subjective complaints of pain, while the Commissioner can assess allegations of pain, consideration should be given to all of [Morrison's] symptoms, including pain, in the extent to which the signs and findings confirm these symptoms." [Record No. 9-2, p. 11] The Commissioner found that Morrison's statements concerning the intensity and persistence of pain to be "not fully credible." [Tr., p. 24] The ALJ considered the inconsistencies regarding Morrison's complaints of pain when compared to the record as a whole. For example, Morrison testified that an additional surgery has been mentioned as a treatment option for her neck pain. However, Dr. Panos Ignatiadis, a neurosurgeon, thoroughly examined Morrison and noted that he saw no necessity for surgical intervention to her neck. [*Id.*] In addition to the inconsistencies already mentioned, including how long Morrison could sit, the ALJ considered her reported daily activities that she prepares

simple meals; does general housecleaning such as dusting, dishes, sweeping, vacuuming, and laundry; takes care of her own personal hygiene; gets along well with family members, neighbors, and friends; and is able to use public transportation, the phone, and the postal service without much difficulty. [*Id.*] The ALJ found that this reported level of functioning was not consistent with Morrison's complaints of pain.

The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses. An ALJ's credibility determination is entitled to "great weight and deference" provided it is "reasonable and supported by substantial evidence in the record." *Jones*, 336 F.3d at 476. Because ALJ McNeil's determination about Morrison's credibility is reasonable and supported by substantial evidence, the Court finds no error with the ALJ's decision on this point.

### C. Hypothetical Questions to the Vocational Expert

Morrison also briefly argues that the hypothetical questions posed to the vocational expert were improper. More specifically, "Counsel [for Morrison] believes that before the Administrative Law Judge can rely on the testimony provided by a vocational expert[,] that his hypothetical must fairly reflect the restrictions and the evidence in the record and the substantial evidence must support the assumptions included in the hypothetical." [Record No. 9-2, p. 10]

The Sixth Circuit has held that a hypothetical question posed to a vocational expert "need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001)). Additionally, the vocational expert's testimony relies on the ALJ's assessment of what the claimant "can or cannot do." *Id.* Here, the ALJ posed proper

hypothetical questions to the vocational expert based on Morrison's credible functional limitations. The ALJ was not required to include in the hypothetical questions limitations that he did not find to be supported in the record, despite the beliefs of her counsel. *See Casey*, 987 F.2d at 1235. Thus, the Court finds no error with the hypothetical questions posed by ALJ Andrus to the impartial vocational expert.

### D. Substantial Evidence

Morrison also makes a general attack on the decision to deny her benefits. She argues that this decision is not supported by substantial evidence in the record. Specifically, Morrison argues that "the Commissioner's denial in this case is not based upon the substantial and uncontradicted medical and testimonial evidence documenting [Morrison's] severe physical and mental conditions, but is based upon the ALJ's arbitrary and capricious decision to improperly discount the severity of those impairments." [Record No. 9-2, p. 10] The Commissioner responds by asserting that the ALJ properly applied the five-step analysis, as required by the applicable regulations and case law. [Record No. 10, pp. 5-7]

The Court finds that Morrison's cursory argument on this issue is without merit. The ALJ cited and considered the objective medical evidence of record, including examinations from treating physician Dr. Smith, neurosurgeon Dr.iaaidis, and independent medical examiner Dr. Richard T. Sheridan, in determining that Morrison suffered from degenerative joint disease of the spine. However, he found that it was non-durational and had improved after surgery because of the statements of her surgeon, Dr. Ignataidis. [Tr., p. 20] ALJ Andrus noted that she "has not been referred to a specialist for treatment, has received no injections into the spine, and has not

been referred to physical therapy or chiropractic treatment for her back condition, only for her left upper extremity." [Tr., p. 21] The ALJ further noted that Morrison's pain is "clinically mild and surgery has not been recommended." [*Id.*]

The ALJ also considered the objective medical evidence from Morrison's mental health treatment. The ALJ reviewed the Claimant's treatment history from alleged depression, the diagnosis of mood disorder from a consultative exam by Dr. Wayne Edwards, and a more recent psychiatric evaluation by Dr. Andrew Cooley, to determine that Morrison has severe depressive disorder and anxiety disorder. [*Id.*] However, he looked to her daily activities, social functioning, and the fact that Morrison has no episodes of decompensation, in determining her RFC. Using his well-supported RFC findings, the ALJ relied upon the testimony of the vocational expert to determine that there are jobs that exist in significant numbers in the national economy that Morrison could perform. Because substantial evidence supports his decision, and because Morrison has failed to direct the Court to any specific error, the Court finds that this argument lacks merit and will uphold the Commissioner's decision denying benefits to Morrison.

**IV.**

The Commissioner's decision denying benefits to Morrison is supported by substantial evidence. Further, the Claimant's arguments are without merit. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Stacy Marie Morrison's Motion for Summary Judgment [Record No. 9] is **DENIED**.

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 10] is **GRANTED**.

(3) The Commissioner final determination to deny benefits to the Claimant will be **AFFIRMED** by separate judgment entered this date.

This 12th day of March, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge